IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JAMES EDWARD LEWIS,

      Plaintiff,

                              Civil Action No. 1:24-00089
v.


UNITED STATES OF AMERICA, et al,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are objections by both parties to Magistrate Judge Aboulhosn's PF&R, (ECF No. 48), entered November 13, 2024.  See ECF Nos. 51 and 58.  For the reasons explained below, the objections are **OVERRULED**.

## I.    Background

This case arises from alleged excessive force used against James Edward Lewis on January 9, 2022, while incarcerated at Federal Correctional Institution McDowell.  See ECF No. 5. Lewis alleges that correctional officer "M. Slaughter" purported to escort him from his cell to the lieutenant's office but took him to a "blind spot" away from cameras, yelled "he's resisting, he's fighting," and beat him while handcuffed.  Id. at 3.  Lewis insinuates that this occurred because correctional staff accused

him of being in "his cell for two weeks writing staff up."  Id.
at 5.

Lewis alleges that after the assault, defendant "R.N.
Walters" asked him questions, determined that his toe may be
broken, and provided no treatment for it.  See id. at 4-5.  He
also says the lieutenant inflicted emotional distress upon him
by calling him a pedophile in the presence of other inmates,
falsifying documents, and restraining him longer than permitted.
See id. at 5.

Lewis brings claims of assault, battery, intentional
infliction of emotional distress ("IIED"), and medical
negligence against the United States government under the
Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq.  See
id. at 8-9.  The magistrate judge also construed some of Lewis's
claims as constitutional claims brought under the FTCA.  See ECF
No. 48 at 46.  Additionally, Lewis brought claims against
Slaughter and R.N. Walters in their individual capacities under
Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388
(1971).  See id. at 8-17.

Lewis moved to voluntarily dismiss his Bivens claims "with
prejudice so that the defendants will not be prejudiced or
burdened with the finances of a jury trial."  ECF No. 37 at 1.
He also explained in that motion that he had not been able to
review "camcorder footage," and that to meet his filing deadline

2

for a response to defendants' "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment," he would voluntarily dismiss his <u>Bivens</u> claims. <u>See</u> <u>id</u>. at 1-2. The PF&R recommends granting Lewis's motion. <u>See</u> ECF No. 48 at 47.

The government moved to dismiss the FTCA claims of assault and battery under the discretionary function exception ("DFE") to the United States's waiver of sovereign immunity under the FTCA. <u>See</u> ECF No. 15 at 2. The government moved to dismiss the medical negligence, IIED, and constitutional FTCA claims for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. <u>See</u> <u>id</u>. The PF&R recommends denying the motion as to the assault and battery claims but granting it for the medical negligence, IIED, and constitutional claims. <u>See</u> ECF No. 48 at 47.[1]

The parties filed competing objections to the PF&R. Lewis argues that he should be permitted additional discovery before the court dismisses his medical negligence claim. <u>See</u> ECF No. 58 at 2.[2] The government, in its objection, argues that the DFE

---

[1] Although the government argued that Lewis failed to state a valid claim of medical negligence, the PF&R treated the motion to dismiss that claim as one for summary judgment. Lewis agreed to voluntarily dismiss his IIED claim. <u>See</u> <u>id</u>. at 44-45. He does not seem to challenge the dismissal of his constitutional claims.

[2] Lewis's precise objection is unclear. He explains that he dismissed his <u>Bivens</u> claims because he did not have time to review evidence, (<u>see</u> ECF No. 58 at 2-3), but states "plaintiff

applies to the assault and battery claims and that the PF&R's analysis is erroneous.  See ECF No. 51.

## II.  Legal Standard

Under Rule 72(b) of the Federal Rules of Civil Procedure, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b). A district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Id.  As to Lewis's objection, "[a] document filed pro se is 'to be liberally construed.'"  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Therefore, courts are "under an obligation to read a pro se litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., No. 2:96CV308, 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997).  However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to

---

still wants all Bivens dismissed," (id. at 1).  Therefore, the court will construe his objection as one to his medical negligence claim because that it the only claim his objection specifically addresses.

Lewis also includes a heading titled "Constitutional Claims" in his objections to the PF&R.  See ECF No. 58 at 5. Under the heading, he objects to the dismissal of his medical negligence claim.  However, to the extent this objection relates to the dismissal of constitutional claims brought under the FTCA, the objection is **OVERRULED** for the reasons explained in the PF&R.

those portions of the findings or recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).

### III. Discussion

**A.    Lewis's objection**

Lewis argues that he did not have "adequate time to do discovery" and that he was unable to review a "video disk."  ECF No. 58 at 4.  For this reason, he argues that pre-discovery summary judgment is premature.  See id. at 13.  The government responds with two arguments.

First, the government argues that it is immaterial whether Lewis viewed the footage of the medical evaluation because Magistrate Judge Aboulhosn reviewed it, reviewed Lewis's "medical records, including medical records from different institutions," and after viewing the evidence in the light most favorable to Lewis, found that there is no genuine issue of material fact in dispute.  See ECF No. 60 at 2.  Therefore, the government argues, "modifying the PF&R to allow consideration of [Lewis's] interpretation of that video is unnecessary."  Id.

Second, the government argues that it informed Lewis of his ability to review the video evidence when it filed its "Motion to Dismiss or, in the Alternative Motion for Summary Judgment," on May 3, 2024.  See id.  The government explains that Magistrate Judge Aboulhosn granted Lewis an extension of time to

respond to the government's motion by order entered May 21, 2024, with that order noting that "[d]efendants attached a video as an exhibit, which [Lewis] needs to make arrangements to view . . . ." Id. (quoting ECF No. 30 at 1).  Therefore, the government argues that because Lewis did not request to view the video until more than a month later on July 30, 2024, his inability to review the video before responding to the government's motion is not grounds for a valid objection.  See id. at 2-3.

The court agrees with the government's arguments. Magistrate Judge Aboulhosn reviewed the video and determined that it does not support Lewis's claim of medical negligence. Lewis's review of the video would not affect the court's interpretation of it or other medical documentation.  Lewis was also dilatory in seeking to review the evidence after being informed by the court that he needed to make arrangements to view it.  For these reasons, Lewis's objection is **OVERRULED**.

**B.  Government's objection**

The PF&R recommends denying the government's motion as to the assault and battery claims because factual disputes must be resolved before determining whether the DFE applies.

Under the DFE, the waiver of sovereign immunity does not apply to:

> Any claim based upon an act or omission
> of an employee of the Government, exercising
> due care, in the execution of a statute or
> regulation, whether or not such statute or
> regulation be valid, or based upon the
> exercise or performance or the failure to
> exercise or perform a discretionary function
> or duty on the part of a federal agency or
> an employee of the Government, whether or
> not the discretion involved be abused.

28 U.S.C. § 2680(a).  The DFE "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." Berkovitz ex rel. Berkovitz v. United States, 486 U.S. 531, 536 (1988) (cleaned up).  The exception "assure[s] protection for the Government against tort liability for errors in administration or in the exercise of discretionary functions." Dalehite v. United States, 346 U.S. 15, 26-27 (1953).

To determine whether the DFE applies, courts employ a two-step inquiry.  First, courts consider "whether the conduct at issue involves an element of judgment or choice." Rich v. United States, 811 F.3d 140, 144 (4th Cir. 2015).  Second, courts consider whether the conduct at issue "involve[d] the permissible exercise of policy judgment." Berkovitz, 486 U.S. at 537.  If the challenged actions or omissions satisfy these two steps, the government's conduct is considered "discretionary within the meaning of the exception," and courts lack

jurisdiction "whether or not the discretion involved be abused." Pornomo v. United States, 814 F.3d 681, 687 (4th Cir. 2016) (quoting 28 U.S.C. § 2680(a)).

"Plaintiffs bear the burden of proving that the discretionary function exemption does not apply." Indem. Ins. Co. of N. Am. v. United States, 569 F.3d 175, 180 (4th Cir. 2009). "If the plaintiff fails to meet this burden, then the claim must be dismissed." Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005). Additionally, the FTCA is strictly construed with ambiguities resolved in favor of the United States. See United States v. Nordic Vill., Inc., 503 U.S. 30, 30-34 (1992).

The PF&R resolves the government's motion on the first prong of the DFE analysis: whether the correctional officers' actions involved an element of judgment or choice. The PF&R finds that 28 C.F.R. § 552.20 applies in the context of excessive force claims. That regulation allows correctional officers to use force when necessary, providing:

> The Bureau of Prisons authorizes staff to use force only as a last alternative after all other reasonable efforts to resolve a situation have failed. When authorized, staff must use only that amount of force necessary to gain control of the inmate, to protect and ensure the safety of inmates, staff, and others, to prevent serious property damage and to ensure institution security and good order.

8

A separate regulation, 28 C.F.R. § 552.22(c), provides a non-exhaustive list of three situations when force may be warranted: "(1) Defense or protection of self or others; (2) Enforcement of institutional regulations; and (3) The prevention of a crime or apprehension of one who has committed a crime."

While these regulations allow for the use of force when necessary, the PF&R explains that "the application of the discretionary function exception turns on disputed factual issues.  Specifically, there is a genuine issue of material fact concerning whether Officer Slaughter maliciously subjected Plaintiff to force without cause, or whether Officer Slaughter used reasonable force to maintain order due to Plaintiff's use of profanity and spit[t]ing on and headbutting Officer Slaughter."  See ECF No. 48 at 38.

The government "specifically objects to the PF&R's finding that '[s]ince there is an issue of fact concerning [the basis of the officer's conduct], the Court cannot find that the first prong of the discretionary function test is satisfied . . . .'" ECF No. 51 at 1 (alterations in original).  The government argues that the first prong of the analysis is satisfied because 28 C.F.R. § 552.20 does not provide a "mandatory directive" prescribing a course of conduct for correctional officers to follow under these circumstances and that the conduct at issue,

therefore, required an element of judgment or choice.  See id. at 2.

In support of this argument, the government cites Kaufman v. United States, 84 F. Supp. 3d 519 (S.D.W. Va. 2015).  In that case, this court held a bench trial to determine whether the DFE applied to a claim of excessive force brought by a prison inmate.  See id. at 522.  After taking evidence from both sides, the court found that the inmate "violated [prison] rules by displaying insolence toward [the officer] . . . ." and "[t]he two argued and, although she initially submitted, [the inmate] began to resist while [the officer] conducted a pat-down search."  Id. at 529.  Therefore, the court held that 28 C.F.R. § 552.20 provided the officer "discretion to determine that force was appropriate . . . ."  Id.

Kaufman is distinguishable from this case in its current procedural posture.  In Kaufman, after receiving evidence at trial, the court determined that the inmate had violated prison rules and that the inmate resisted the correctional officer, thus implicating the officer's discretion to use force.  In this case, the court cannot make that determination on summary judgment because it cannot resolve genuine issues of material fact.  See Head v. Rakowski, 695 F. Supp. 3d 663, 685-86 (D. Md. 2023) (distinguishing Kaufman where genuine issue of material

fact existed as to whether correctional officer retaliated against inmate or used force to maintain order).

Although 28 C.F.R. § 552.20 give the BOP discretion to determine when force is necessary to "resolve a situation," that discretion is limited insofar it presupposes a situation to resolve.  The regulation leaves no discretion otherwise:  "The Bureau of Prisons authorizes staff to use force only as a last alternative after all other reasonable efforts to resolve a situation have failed."  Id. (emphasis added).  The word "only" proscribes the use of force in all other circumstances.

When a regulation proscribes a course of conduct, the first prong of the DFE is not satisfied because the conduct at issue does not involve an element of judgment or choice:  "The requirement of judgment or choice is not satisfied, however, if 'a federal statute, regulation , or policy specifically proscribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'"  Hibble v. United States, No. 96-2180, 1998 WL 2882, at *1 (4th Cir. Jan. 7, 1998) (cleaned up)(quoting United States v. Gaubert, 499 U.S. 315, 323 (1991)).

Viewing the evidence in Lewis's favor, Slaughter engaged in proscribed conduct that involved no element of judgment or choice.  He could only use force to "resolve a situation."  Such situations include, among other things, defense of self or

11

others, enforcement of institutional regulations, and the prevention of a crime.  Under Lewis's version of events, Slaughter assaulted him without provocation or cause and in retaliation for Lewis allegedly "writing up" correctional officers.  This is not the type of situation contemplated by 28 C.F.R. §§ 552.20 or 552.22(c).

As the PF&R correctly notes, the court must determine whether Lewis's conduct warranted discretion in this case.  That requires the court to determine whether, as Lewis contends, he was subject to an unwarranted beating, or as the government contends, he threatened and assaulted Slaughter, permitting him to use force against Lewis.  Therefore, the government's objection is **OVERRULED**.

## IV.  Conclusion

For the above reasons, the objections (ECF Nos. 51, 58) are **OVERRULED**.  The magistrate judge's PF&R is adopted as follows:

(1)  Lewis's motion (ECF No. 37) to voluntarily dismiss his Bivens claims is **GRANTED**; and

(2)  Defendants' "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment" (ECF No. 15) is **GRANTED** in part as to Lewis's medical negligence, IIED, and constitutional claims brought under the FTCA, and **DENIED** in part as to his assault and battery claims.

12

This matter is **REFERRED** to the magistrate judge for discovery.  The trial will involve the jurisdictional issue and the merits of Lewis's claims.  See Kerns v. United States, 585 F.3d 187, 195 (4th Cir. 2009) (quoting United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 348 (4th Cir. 2009) ("A district court should assume jurisdiction and assess the merits of the claim when the relevant facts—for jurisdictional and merits purposes—are inextricably intertwined.")).  However, a trial for damages will be unnecessary if the court finds in the government's favor on the DFE issue or liability.  Therefore, the court hereby **BIFURCATES** for both discovery and trial the issues of liability and damages.  Furthermore, this matter is **CONSOLIDATED** with Civil Action Number 1:23-00814 for trial.  Trial of this matter is hereby scheduled for Wednesday, July 9, 2025, at 9:30 a.m., in Bluefield.

Additionally, the individual defendants are **DISMISSED** from this action because the Bivens claims have been dismissed.  Lewis's "motion to exceed page limit for exhibits" (ECF No. 57) is **DENIED** as moot because his memorandum is under twenty pages.  See L.R. Civ. P. 7.1(a)(2).

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record and any unrepresented parties.

IT IS SO ORDERED this 17th day of March, 2025.

David A. Faber
Senior United States District Judge